# **<u>EXHIBIT 4</u>**

**Award**
**FINRA Dispute Resolution Services**

---

In the Matter of the Arbitration Between:

| | |
|---|---|
| <u>Claimants</u><br>Juan Félix Trinidad-García<br>Juan Félix Trinidad-Rodríguez | <u>Case Number</u>: 14-01134 |
| vs. | |
| <u>Respondents</u><br>Popular Securities, LLC<br>Popular, Inc./Banco Popular De Puerto Rico<br>José Arturo Ramos Rios<br>Wells Fargo Advisors, LLC<br>UBS Financial Services, Inc.<br>UBS Financial Services Incorporated of Puerto Rico | <u>Hearing Site</u>: San Juan, Puerto Rico |

---

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

Nature of the Dispute: Customers vs. Members, Associated Person, and Non-Member

This case was decided by a majority-public panel.

The evidentiary hearing was conducted partially by videoconference.

## REPRESENTATION OF PARTIES

For Claimants Juan Félix Trinidad-García ("Trinidad-García") and Juan Félix Trinidad-Rodríguez ("Trinidad-Rodríguez"), hereinafter referred to collectively as "Claimants": Eric Quetglas-Jordán, Esq. and Myrthia Larrauri-Quetglas, Esq., Quetglas Law Office P.S.C., Guaynabo, Puerto Rico, and W. Scott Greco, Esq., Greco & Greco, P.C., McLean, Virginia.

For Respondents Popular Securities, LLC ("Popular") and José Arturo Ramos Rios ("Ramos"): Alan M. Wolper, Esq., Heidi E. VonderHeide, Esq., and Christopher D. Seps, Esq., Ulmer & Berne, LLP, Chicago, Illinois, and Alejandro Febres-Jorge, Esq. and Maria Alvarez Santos, Esq., Popular Securities, LLC, San Juan, Puerto Rico.

Respondent Popular, Inc./Banco Popular De Puerto Rico ("Popular Bank") did not enter an appearance in this matter.

For Respondent Wells Fargo Advisors, LLC ("Wells Fargo"): Sara Soto, Esq., Bressler, Amery & Ross, P.C., Fort Lauderdale, Florida, and Guillermo J. Bobonis, Esq., Bobonis, Bobonis & Rodríguez Poventud, San Juan, Puerto Rico.

For Respondents UBS Financial Services, Inc. ("UBS") and UBS Financial Services Incorporated of Puerto Rico ("UBSPR"): Roberto C. Quiñones-Rivera, Esq., McConnell Valdés, LLC, San Juan, Puerto Rico, and Peter G. Neiman, Esq., Wilmer Cutler Pickering Hale and Dorr, LLP, New York, New York.

## CASE INFORMATION

Statement of Claim filed on or about: April 2, 2014.
Juan Felix Trinidad-Garcia signed the Submission Agreement: March 31, 2014.
Juan Felix Trinidad-Rodriguez signed the Submission Agreement: March 31, 2014.

Statement of Answer filed by Respondents Popular and Ramos on or about: July 28, 2014.
Respondent Popular signed the Submission Agreement: June 26, 2014.
Respondent Ramos signed the Submission Agreement: August 6, 2014.

Respondent Popular Bank did not file a Statement of Answer or sign the Submission Agreement.

Statement of Answer filed by Respondent Wells Fargo on or about: July 28, 2014.
Respondent Wells Fargo signed the Submission Agreement: July 30, 2014.

Statement of Answer filed by Respondents UBS and UBSPR on or about: July 28, 2014.
Respondent UBS signed the Submission Agreement: July 28, 2014.
Respondent UBSPR signed the Submission Agreement: July 15, 2014.

## CASE SUMMARY

In the Statement of Claim, Claimants asserted the following causes of action: violation of numerous sections of the Securities and Exchange Act; violation of the Puerto Rico Securities Act – 10 L.P.R.A. § 890; fault, fraud, deceit, recklessness, and negligence; and rescision of contract, nullity of purchases and loans, and nullity of waivers. The causes of action relate to the sale of Puerto Rico Bonds ("PR Bonds") and shares of Puerto Rico Closed End Funds ("CEFs").

Unless specifically admitted in their respective Statements of Answer, Respondents Popular, Ramos, Wells Fargo, UBS, and UBSPR denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

## RELIEF REQUESTED

In the Statement of Claim, Claimants requested that the Panel order Respondents to: pay Claimants total compensatory damages in the approximate amount of $54,597,076.62; pay Claimants such interest award as it may deem appropriate; disgorge all commissions and other revenue generated by them from the accounts in the estimated amount of approximately $4,600,000.00; reimburse Claimants for all costs and expenses incurred, including the FINRA filing fees and all arbitration fees and expenses; pay Claimants a reasonable award for their

attorneys' fees; pay Claimants punitive damages in accordance with the law for no less than three (3) times the award for compensatory damages; reimburse Claimants all monies that they paid for the securities, and loans, including all related fees and commissions, and that a finding be entered that Claimants owe nothing to Respondents; comply with the requested injunctive relief; and provide Claimants such other and further relief as the Panel deems just and appropriate.

In the Statement of Answer, Respondents Popular and Ramos requested that the Panel reject Claimants' Statement of Claim in its entirety and award Respondents Popular and Ramos reasonable attorneys' fees and expenses for having to defend against this baseless claim.

In the Statement of Answer, Respondent Wells Fargo requested that this matter be dismissed in its entirety, and that all fees and costs of this proceeding, including reasonable attorneys' fees to be determined in the appropriate forum, should be assessed against Claimants.

In the Statement of Answer, Respondents UBS and UBSPR requested: that Claimants take nothing by their claims and that their claims be dismissed in their entirety, with prejudice; that all FINRA fees and costs be assessed against Claimants; that the Panel make specific findings to allow the expungement of any record of this arbitration from the CRD records of any financial advisors or other UBS personnel identified in the Statement of Claim or otherwise affected by the Statement of Claim; and such other and further relief as the Panel deems just and equitable.

At the hearing, Claimants requested: joint securities losses of $68,828.00, attorneys' fees of $8,750,929.00; costs of $258,771.46; and pre-judgment interest of 4.25%.

At the hearing, Claimant Trinidad-García requested securities losses of $22,741,722.00 and line of credit payoff of $14,192,091.00.

At the hearing, Claimant Trinidad-Rodríguez requested securities losses of $6,359,214.00 and line of credit payoff of $927,261.00.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

Respondent Popular Bank is not a member or associated person of FINRA and did not voluntarily submit to arbitration. Therefore, the Panel made no determination with respect to the claims against Respondent Popular Bank.

On February 23, 2016, Claimants filed a notice of voluntary dismissal without prejudice with respect to Respondents UBS and UBSPR. On March 11, 2016, Respondents UBS and UBSPR filed notice of their consent to the dismissal being without prejudice. Therefore, the Panel made no determination with respect to any of the relief requests contained in the Statement of Claim against Respondents UBS and UBSPR.

On September 5, 2017, Respondent Wells Fargo filed a Partial Motion to Dismiss pursuant to Rule 12206 of the Code. On September 6, 2017, Respondent Ramos filed a notice of joining Respondent Wells Fargo's Partial Motion to Dismiss (12206). On October 13, 2017, Claimants

filed a response opposing the Partial Motion to Dismiss (12206). On October 25, 2017, Respondent Wells Fargo filed a reply in support of the Partial Motion to Dismiss (12206). On October 25, 2017, Respondent Ramos submitted a reply in support of the Partial Motion to Dismiss (12206). On January 18, 2018, the Panel heard oral arguments on the Partial Motion to Dismiss (12206). On January 18, 2018, the Panel denied the Partial Motion to Dismiss (12206) without prejudice.

On October 5, 2017, Respondent Wells Fargo filed a Partial Motion to Dismiss pursuant to Rule 12504 of the Code. On November 15, 2017, Claimants filed a response opposing the Partial Motion to Dismiss (12504). On November 27, 2017, Respondent Wells Fargo filed a reply in support of the Partial Motion to Dismiss (12504). Prior to a ruling on the Partial Motion to Dismiss (12504), Claimants settled their claims with Respondent Wells Fargo, rendering the motion moot.

On January 29, 2019, Claimants filed a notice of settlement and voluntary dismissal with prejudice with respect to Respondent Wells Fargo. Therefore, the Panel made no determination with respect to any of the relief requests contained in the Statement of Claim against Respondent Wells Fargo.

On January 29, 2019, Respondents Popular and Ramos filed a Motion to Permit Telephonic Testimony of Records Custodians. On April 1, 2019, the Panel granted the Motion to Permit Telephonic Testimony of Records Custodians.

On February 13, 2019, Respondents Popular and Ramos filed a Motion to Permit Use of a Court Reporter. On February 13, 2019, Claimants filed a response requesting that the Motion to Permit Use of a Courter Reporter be denied unless it is made the official record for the benefit of both Claimants and Respondents Popular and Ramos, as well as the Panel, and that Respondent Popular bears its full cost. On April 1, 2019, the Panel ordered that the stenographic record of the court reporter shall be the official recording of the proceeding, and that Respondents Popular and Ramos shall be responsible for all costs relating to the court reporter.

On February 15, 2019, Respondents Popular and Ramos filed a Motion in Limine to Allow Use of Wells Fargo's Settlement Agreement at the Hearing. On April 1, 2019, the Panel granted the Motion in Limine to Allow use of Wells Fargo's Settlement Agreement at the Hearing.

On March 13, 2019, FINRA sent notice to Claimants and Respondents Popular and Ramos that Chairperson Jane A. Smith's classification status was changed from Public to Non-Public.

On December 7, 2019, Respondent Ramos filed for bankruptcy under the United States Bankruptcy Code. In accordance with these filings, all claims against Respondent Ramos are indefinitely stayed. Therefore, the Panel made no determination with respect to the claims against Respondent Ramos.

On June 28, 2021, Respondent Popular filed a Request for Brief Reopening Statements, which also contained a request for everyone involved to make a commitment to do their best to complete this case in the eight (8) weeks of hearings on the 2021 calendar. On June 28, 2021, Claimants filed a response agreeing with the Request for Brief Reopening Statements. On July 6, 2021, the Panel determined this was not a Motion, and thus would not rule on it as such. However, the Panel stated they were agreeable to the request for reopening statements and the

request to limit the remainder of the hearings to eight (8) weeks would be discussed with Claimants and Respondent Popular prior to the commencement of the reopening statements. On July 12, 2021, Claimants and Respondent Popular filed notice of their agreement to limit the reopening statements to thirty (30) minutes per side.

On September 8, 2021, the Panel held a pre-hearing conference with Claimants and Respondent Popular to discuss the possibility of converting to Zoom the hearing dates scheduled on September 13, 2021 through September 17, 2021 and September 20, 2021 through September 24, 2021. During the pre-hearing conference, Claimants and Respondent Popular agreed to proceed via Zoom for those hearing dates. On September 8, 2021, Claimants sent further confirmation of Claimants' agreement to proceed via Zoom. On September 8, 2021, the Panel ordered the aforementioned hearing dates be converted to Zoom. All other hearing dates in this case were conducted in-person in San Juan, Puerto Rico.

On September 30, 2021, Claimants filed a Request for Statutory Costs and Forum Fees, seeking, as part of the Award, the total amount of $382,919.82 for Claimants' Bill of Costs. On October 5, 2021, Claimants filed a Corrected Request for Statutory Costs and Forum Fees, seeking, as part of the Award, the total amount of $258,771.46 for Claimants' Bill of Costs. On October 5, 2021, Respondent Popular file a response opposing the Request for Statutory Costs and Forum Fees. The Panel addressed the request for costs and forum fees as part of the Award.

The Award in this matter may be executed in counterpart copies.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, and any post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Respondent Popular is liable for and shall pay to Claimant Trinidad-García the sum of $4,229,298.02 in compensatory damages.

2. Respondent Popular is liable for and shall pay to Claimant Trinidad-Rodríguez the sum of $2,388,033.77 in compensatory damages.

3. Respondent Popular is liable for and shall pay to Claimants the sum of $258,771.46 in costs.

4. Claimants' request for injunctive relief is denied.

5. Any and all claims for relief not specifically addressed herein, including any requests for punitive damages, treble damages, and attorneys' fees, are denied.

## FEES

Pursuant to the Code of Arbitration Procedure ("Code"), the following fees are assessed:

**Filing Fees**
FINRA Dispute Resolution Services assessed a filing fee* for each claim:

| | | |
|---|---|---|
| Initial Claim Filing Fee | =$ | 1,800.00 |

*The filing fee is made up of a non-refundable and a refundable portion.*

### Member Fees

Member fees are assessed to each member firm that is a party in these proceedings or to the member firms that employed the associated person at the time of the events giving rise to the dispute. Accordingly, as parties, Respondents Popular, Wells Fargo, UBS, and UBSPR are each assessed the following:

| | | |
|---|---|---|
| Member Surcharge | =$ | 3,750.00 |
| Pre-Hearing Processing Fee | =$ | 750.00 |
| Hearing Processing Fee | =$ | 5,500.00 |

### Postponement Fees

Postponements granted during these proceedings for which fees were assessed or waived:

| | | |
|---|---|---|
| May 16-20; May 23-27; and May 30-June 3, 2016, postponement requested by Claimants | =$ | 1,200.00 |
| December 4-8 and December 11-15, 2017, postponement requested by Respondents Popular and Ramos | =$ | 1,200.00 |
| Total Postponement Fees | =$ | 2,400.00 |

The Panel has assessed $600.00 of the postponement fees jointly and severally to Claimants.

The Panel has assessed $600.00 of the postponement fees to Respondent Popular.

The Panel has assessed $1,200.00 of the postponement fees to Respondent Popular, per the Parties' agreement.

### Discovery-Related Motion Fees

Fees apply for each decision rendered on a discovery-related motion.

| | | |
|---|---|---|
| Seven (7) decisions on discovery-related motions on the papers with one (1) Arbitrator @ $200.00/decision | =$ | 1,400.00 |

Claimants submitted one (1) discovery-related motion
Respondents Popular and Ramos submitted three (3) discovery-related motions
Respondent Popular submitted one (1) discovery-related motion
Respondent Wells Fargo submitted two (2) discovery-related motions

| | | |
|---|---|---|
| Total Discovery-Related Motion Fees | =$ | 1,400.00 |

The Panel has assessed $700.00 of the discovery-related motion fees jointly and severally to Claimants.

The Panel has assessed $700.00 of the discovery-related motion fees to Respondent Popular.

**Contested Motion for Issuance of Subpoena Fees**
Fees apply for each decision on a contested motion for the issuance of a subpoena.

| | | |
|---|---|---|
| Panel decision on a contested motion for the issuance of a subpoena with the Panel @ $600.00 | =$ | 600.00 |
| Total Contested Motion for Issuance of Subpoena Fees | =$ | 600.00 |

The Panel has assessed $300.00 of the contested motion for issuance of subpoena fees jointly and severally to Claimants.

The Panel has assessed $300.00 of the contested motion for issuance of subpoena fees to Respondent Popular.

**Hearing Session Fees and Assessments**
The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the Arbitrator(s), including a pre-hearing conference with the Arbitrator(s), which lasts four (4) hours or less. Fees associated with these proceedings are:

Five (5) pre-hearing sessions with the Panel @ $1,200.00/session    =$    6,000.00

Pre-Hearing Conferences:
| Date | Sessions |
|---|---|
| November 3, 2014 | 1 session |
| November 1, 2017 | 1 session |
| January 18, 2018 | 1 session |
| March 5, 2019 | 1 session |
| September 8, 2021 | 1 session |

Seventy-seven (77) hearing sessions @ $1,200.00/session    =$    92,400.00

Hearings:
| Date | Sessions |
|---|---|
| April 8, 2019 | 2 sessions |
| April 9, 2019 | 2 sessions |
| April 10, 2019 | 2 sessions |
| April 11, 2019 | 2 sessions |
| April 12, 2019 | 2 sessions |
| August 5, 2019 | 2 sessions |
| August 6, 2019 | 2 sessions |
| August 7, 2019 | 2 sessions |
| August 8, 2019 | 2 sessions |
| August 9, 2019 | 2 sessions |
| January 20, 2020 | 2 sessions |
| January 21, 2020 | 2 sessions |
| January 22, 2020 | 2 sessions |
| January 23, 2020 | 2 sessions |
| January 24, 2020 | 2 sessions |
| January 27, 2020 | 2 sessions |
| January 28, 2020 | 2 sessions |
| January 29, 2020 | 2 sessions |
| January 30, 2020 | 2 sessions |
| January 31, 2020 | 2 sessions |
| August 2, 2021 | 2 sessions |

| Date | Sessions |
|---|---|
| August 3, 2021 | 1 session |
| August 4, 2021 | 2 sessions |
| August 5, 2021 | 2 sessions |
| August 6, 2021 | 2 sessions |
| September 13, 2021 | 2 sessions |
| September 14, 2021 | 2 sessions |
| September 15, 2021 | 2 sessions |
| September 16, 2021 | 2 sessions |
| September 17, 2021 | 2 sessions |
| September 20, 2021 | 2 sessions |
| September 21, 2021 | 2 sessions |
| September 22, 2021 | 2 sessions |
| September 23, 2021 | 2 sessions |
| September 24, 2021 | 2 sessions |
| September 27, 2021 | 2 sessions |
| September 28, 2021 | 2 sessions |
| September 29, 2021 | 2 sessions |
| September 30, 2021 | 2 sessions |

Total Hearing Session Fees                                                                 =$   98,400.00

The Panel has assessed $2,400.00 of the hearing session fees jointly and severally to Claimants.

The Panel has assessed $94,800.00 of the hearing session fees to Respondent Popular.

The Panel has assessed $1,200.00 of the hearing session fees to Respondent Wells Fargo.

All balances are payable to FINRA Dispute Resolution Services and are due upon receipt.

## ARBITRATION PANEL

| | | |
|---|---|---|
| Jane A. Smith | - | Non-Public Arbitrator, Presiding Chairperson |
| Langfred W. White | - | Public Arbitrator |
| Gloria O. North | - | Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument, which is my award.

**<u>Concurring Arbitrators' Signatures</u>**


*Jane A. Smith*                                              10/28/2021
Jane A. Smith                                                Signature Date
Non-Public Arbitrator, Presiding Chairperson


*Langfred W. White*                                          10/28/2021
Langfred W. White                                            Signature Date
Public Arbitrator


*Gloria O. North*                                            10/28/2021
Gloria O. North                                              Signature Date
Public Arbitrator


Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.


October 28, 2021
Date of Service (For FINRA Dispute Resolution Services use only)